# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE ROBINSON, Inmate #CO-477-0,<br><br>                    Plaintiff,<br><br>vs.<br><br>R. DE LA VEGA, San Diego Sheriff's Deputy Badge #4845; AYALA, Deputy Sergeant; CARL BREWER, Deputy Sergeant; WILLIAM KOLENDER, Sheriff; SAN DIEGO COUNTY SHERIFF'S DEP'T; and DOES 1-100,<br><br>                    Defendants. | Civil No.    07-0409 JAH (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY**<br><br>**[Doc. No. 74]** |

### I.    Procedural Background

On July 23, 2008, this Court granted a Motion for Summary Judgment pursuant to FED.R.CIV.P. 56(c) on behalf of Defendants William Kolender, the County of San Diego (erroneously sued as the San Diego County Sheriff's Department), and Sheriff's Deputy Sergeants Ayala and Brewer. *See* July 23, 2008 Order [Doc. No. 65] at 28. However, the Court further found genuine issues of material fact existed necessitating trial as to Plaintiff's unreasonable search and seizure claims against one Defendant, Sheriff's Deputy R. De La Vega, and thus, denied summary judgement as to that claim only. *Id.* at 29. Because summary judgment was appropriate as to all other claims, the Court directed the Clerk to "enter

judgment in favor of Defendants Kolender, the County of San Diego, Ayala and Brewer," *id.*, and a judgment was entered on behalf of those parties on the same day [Doc. No. 66].

## II.   Partial Summary Judgment Order

Federal Rule of Civil Procedure Rule 54(b) states in pertinent part:

> when an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, or fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED.R.CIV.P. 54(b).

Rule 54(b) is permissive; a court may, in its discretion, certify a judgment as "final" in order for a party to obtain an interlocutory appeal. *See* 10 Wright, Miller & Kane, FED. PRACT. & PROC. CIVIL 3d § 2654 (1998) at 33-36. Therefore, Rule 54(b) requires the district court to take two separate steps before an appeal can be perfected: 1) the court must "expressly determin[e] that there is no just reason for delay," and 2) the court must "direct entry of a final judgment." *Id.* § 2655 at 39. If the court does not indicate that its decision is final by making such an express determination and direction, *i.e.*, if the court does not certify its judgment pursuant to Rule 54(b), any appeal taken therefrom is interlocutory. *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7-8 (1980). Such an express and limited application of the Rule is necessary to "preserve[] the historic federal policy against piecemeal appeals." *Id*. at 8 (internal quotation omitted); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005).

As noted above, this Court found Plaintiff's unreasonable search and seizure claims against Defendant De La Vega easily severable from his municipal liability claims against the County of San Diego, his official and individual capacity claims against Sheriff Kolender, his inadequate medical care claims against Defendant Ayala, as well as his mail interference claim against Defendant Brewer, and *solely in order to make clarify which claims and which parties would proceed in trial*, directed entry of judgment as to all claims alleged against the County

of San Diego, Sheriff Kolender and Deputies Ayala and Brewer on July 23, 2008. However, the Court did not make the express and necessary determination that there was "no just reason for delay" pursuant to FED.R.CIV.P. 54(b); nor did Plaintiff seek a Rule 54(b) certification as to the finality of the Court's Summary Judgment Order. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002) (Pursuant to Rule 54(b), when the court has entered a final judgment as to a particular claim, the court may sever this partial judgment from the remaining claim and, therefore, make that judgment immediately appealable--but only if the court finds there is "no just reason for delay.").

Nevertheless, Plaintiff filed a Notice of Appeal on July 31, 2008 [Doc. No. 68], and on August 27, 2008, a Motion to Stay Proceedings pending appeal [Doc. No. 74]. Defendants have filed an Opposition to Plaintiff's Motion [Doc. No. 77]; however, arguing that because the Court's July 23, 2008 Order was not a final judgment under 28 U.S.C. § 1291, the Ninth Circuit lacks jurisdiction over Plaintiff's appeal, and therefore a stay of the trial as to Plaintiff's remaining cause of action against Defendant De La Vega is not warranted. *See* Defs.' Opp'n at 2 (citing *American States Ins. Co. v Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003); *Williamson v. Unum Life Ins. Co.*, 160 F.3d 1247, 1250 (9th Cir. 1998).)

Defendants are correct that only "final judgments are appealable" and correct that "partial summary judgments which dispose of some but not all of the causes of action in a complaint" are not generally subject to immediate appeal. *See* Defs.' Opp'n at 2. Pursuant to FED.R.CIV.P. 54(b), when "an action presents more than one claim for relief ... or when multiple parties are involved, the court *may* direct entry of a final judgment as to one or more, or fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). In this case, the Court's partial summary judgment Order directed entry of summary judgment on behalf of Defendants Kolender, the County of San Diego and Sheriff's Deputies Ayala and Brewer, but made no express determination that there was concomitantly "no just reason" to delay an appeal. *See Granack v. Continental Casualty Corp.,* 977 F.2d 1143, 1145 (7th Cir. 1992) (finding partial summary judgment not a "final" per Rule 54(b) where court "merely set out the language [of Rule 54(b)], then proceeded to

enter judgment based on the fact that [one] claim against [one defendant] was distinct from [another] claim against [a different defendant].").

"It is ... common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial." *Wood*, 422 F.3d at 879. However, a Rule 54(b) certification "in ordinary situations such as this is not routine [and] ... [s]hould not become so." *Id.* (citing *Curtiss-Wright*, 446 U.S. at 10.) Therefore, the Court should make an express determination of whether, when entering a partial summary judgment, "there is any just reason for delay," which requires inquiry into "the interests of sound judicial administration" and the weighing of the equities at stake. *Wood*, 422 F.3d at 878.

A judgment should not be certified as final under Rule 54(b) when "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable." *Id.* at 883. Thus, the trial court must consider whether: 1) certification would result in unnecessary appellate review; (2) the claims finally adjudicated were separate, distinct, and independent of any other claims; 3) review of the adjudicated claims would be mooted by any future developments in the case; and 4) an appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id.* at 879.

Here, the Court made no such express determinations because it did not intend its July 23, 2008 Order to constitute a final judgment under Rule 54(b). *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991) (noting that a "judgment [is] not appealable because the court had not intended to certify the judgment under Rule 54(b).") Nor would it have certified its partial summary judgment order as a final judgment if Plaintiff had requested it because this case, like the one before the court in *Wood*, is "not a complicated case." *Wood*, 422 F.3d at 879. Instead, it is a relatively "routine" § 1983 civil rights action involving different constitutional claims for relief against different Defendants, but not presenting circumstances which would justify a Rule 54(b) certification. *Id.* This is because such a certification would result, as in *Wood*, in unnecessary interlocutory appellate review of claims, which, while separate and distinguishable from those necessitating trial, would inevitably

involve the same set of facts and legal issues which have yet to be tried. *See e.g., Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result.").

### III.  Plaintiff's Motion for Stay

Thus, having reviewed its partial summary judgment and Plaintiff's request for a stay pending appeal, the Court now must decide whether a stay of the proceedings in this case is appropriate.[1]

As a general principle, a district court possesses the inherent power to control its docket and promote efficient use of judicial resources. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.* 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.")).

When deciding the propriety of a stay, the Court must decide whether: (1) Plaintiff has made a strong showing that he is likely to succeed on the merits; (2) he will be irreparably injured absent a stay; (3) issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) the public interest lies in granting the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "This standard for evaluating the desirability of a stay

---

[1] Plaintiff filed his Motion pursuant to FED.R.APP.P. 18(c)(1). Federal Rule of Appellate Procedure 18 is inapplicable . Rule 18 does govern stays on appeal pending review or enforcement of an order of an administrative agency, board, commission or officer, but the appeal in this case does not involve review of any administrative agency decision. *See* FED.R.APP.P. 18.

pending appeal is quite similar to that which the Court employ[s] in deciding to grant [a] preliminary injunction." *Miller v. Carlson*, 768 F. Supp. 1341, 1342 (C.D. Cal. 1991) (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)).

None of these factors weigh in favor of a stay in Plaintiff's case.  First, for the reasons set forth earlier in this Order, the Court finds Plaintiff has failed to make a strong showing that he is likely to succeed on the merits of the appeal he filed on July 31, 2008, because the Court's partial summary judgment order was not a final judgment and therefore the Court of Appeals is likely to dismiss it without prejudice for lack of jurisdiction. *See American States Ins. Co.*, 318 F.3d at 884 (absent a valid Rule 54(b) certification, "an order granting partial summary judgment is not ... an appealable final order under 28 U.S.C. § 1291.").  Second, Plaintiff has not claimed nor has he provided any evidence to show that he will be injured absent a stay.  Finally, the sole remaining Defendant, De La Vega, opposes Plaintiff's request for stay, preferring instead to achieve resolution of the matters alleged against him by proceeding to trial. *Hilton*. 481 U.S. at 776.

### IV.   Conclusion and Order

Accordingly, Plaintiff's Motion for Stay [Doc. No. 74] is DENIED.

**IT IS SO ORDERED.**

DATED:   October 24, 2008

**HON. JOHN A. HOUSTON**
United States District Judge